Cunningham v. Holland.

---

CUNNINGHAM VS. HOLLAND.

JURISDICTION OF J. P. *Attachment on land:  Interplea.*

A Justice of the Peace has no jurisdiction to try title to land, and should refuse an interplea for land on which an attachment from his Court has been levied, and proceed to judgment without reference to the title.

APPEAL from *Yell* Circuit Court.

HON. W. D. JACOWAY, Circuit Judge.

*G. S. Cunningham* for appellant.

Holland had curtesy in the land under the Constitution of 1874, subject to the wife's right to sell.    12 *N. Y.* 208

Cunningham v. Holland.

*Cooley Const. Lim., p.* 447; 2 *Bishop on Married Women, Sec.* 43, 148, 150, 777; 54 *N. Y.,* 280.

*W. N. May* for appellees.

A Justice has no jurisdiction where a lien on lands or title or possession thereto is involved. *Const.* 1874, *Art.* 7, *Sect.* 40; 7 *Ark.,* 305; 38 *Ib.,* 454; and having none, the Circuit Court has none on appeal. 3 *Ark.,* 494; 6 *Ib.,* 41; 10 *Ib.,* 265; 24 *Ib.,* 177; 27 *Ib.,* 508.

Under the Constitution of 1874 a husband can have no curtesy in his wife's lands, acquired by deed duly recorded since the adoption of the Constitution. *Art.* 9, *Sec.* 7; 36 *Ark.,* 355, 586; 38 *Ark.,* 91.

SMITH, J. Cunningham brought an action before a Justice of the Peace against Holland, the maker of a promissory note for $50.00, and sued out an attachment, which was levied upon the defendant's interest in certain lands. The defendant never appeared to the action, but was brought in by constructive service through the publication of a warning order in a newspaper. An attorney *ad litem* was appointed for him, who reported that he was unable to learn his address, and knew of no defence. Holland's children attempted to intervene, claiming to inherit from their deceased mother, and denying that their deceased father had any estate in the lands. A motion to strike out and disregard their interplea was denied by the Justice. The plaintiff then took issue on the interplea, alleging that Holland had curtesy in the lands. At this point the Justice, considering that the title to real estate was drawn in question, dismissed the action and the plaintiff appealed.

In the Circuit Court the interplea was dismissed upon demurrer. The record then proceeds to state that the

cause was submitted to the Court sitting as a jury, although we are at a loss to understand what issue was to to be tried. Nevertheless, the Court heard testimony upon the point whether Holland had anything in the lands, found he had nothing, discharged the attachment and rendered judgment against the plaintiff for the costs of the action.

6. Jurisdiction of J. P. Attachment on land. Interplea.  A Justice of the Peace has no jurisdiction of suits where the title to land is involved, and the Circuit Court can acquire none on appeal. *Const.* 1874, *Art. vii, Sec.* 40, *proviso; Fitzgerald v. Barber,* 7 *Ark.,* 305; *School District v. Williams,* 38 *Id.,* 454.

It was proper, therefore, to dismiss the interplea, which sought to bring the title into controversy. And it was erroneous to adjudicate Holland's title in an action which had originated before a Justice of the Peace.

But the Justice had jurisdiction to render judgment for the plaintiff's debt—not, indeed, a personal judgment, because it had never acquired jurisdiction of the defendant's person, but a judgment to be satisfied out of the property attached. The Act of January 23, 1875, authorizes an attachment issued by a Justice to be levied on land when the constable can find no personal property. And this act was held constitutional in *Bush v. Visant,* 40 *Ark.* A sale under such levy would carry whatever interest the defendant had. And Mrs. Holland's heirs, not being parties to this action, would not be prejudiced by any judgment that might be rendered, but in an action of ejectment against them, or in a suit instituted by them to prevent a cloud upon the title, or to quiet their title, might show that Holland had no estate in the land that was subject to attachment.

Cunningham v. Holland.

Reversed and remanded with directions to proceed to a trial, if the defendant shall enter his appearance and file an answer, otherwise to give judgment for the plaintiff for want of an answer.